# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| S Valley View Twain, | Case No. 2:23-cv-01275-RFB-DJA |
| Plaintiff, | |
| v. | Order |
| TerraCotta Credit Reit LLC, | |
| Defendant. | |

Before the Court is Defendant's motion to seal its Federal Rule of Civil Procedure 7.1 disclosure statement. (ECF No. 4). It explains that the statement, disclosing interested parties, contains a list of seventy-one investors in TerraCotta Credit Fund, LP, the sole member of TerraCotta. It adds that none of these investors are parties to the litigation and each of them signed agreements with the Fund providing that their names and identities would remain confidential. Plaintiff opposes the motion, arguing that Defendant failed to name specific harms that would justify filing the document under seal. (ECF No. 13). Defendant replies that the individuals, family and living trusts, partnerships, and LLCs that invested in TerraCotta did so in reliance on the understanding that their information would be kept confidential. (ECF No. 19). Defendant explains that nonparties may be dissuaded from investing and may even withdraw their existing investments if they fear being subject to public pressure, harassment, or media attention as a result of their passive investments in an entity that is involved in litigation.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See*

1  *Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies.  *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

   Here, as a preliminary matter, the Court finds that the good cause standard applies.  The Court also finds that Defendant has met that standard.  *See Guild Mortgage Co. LLC v. CrossCountry Mortgage LLC*, No. C21-1376-JCC-MLP, 2022 WL 18999842, at *6 (W.D. Wash. Dec. 6, 2022) (finding that "concern about losing investors who fear public pressure not to invest in [] projects" to be "sufficient showing of potential injury" to justify sealing).  However, the Court notes that Defendant has filed the redacted version of its disclosure under seal, not the unredacted version.  (ECF No. 3).  The Court will thus unseal the redacted version (ECF No. 3) and will require Defendant to file an unredacted version under seal.

   **IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 4) is **granted.**

   **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **unseal** the document filed at ECF No. 3.

   **IT IS FURTHER ORDERED** that Defendant must file an unredacted version of its certificate of interested parties on or before **December 1, 2023.**

   DATED: November 1, 2023

   _____
   DANIEL J. ALBREGTS
   UNITED STATES MAGISTRATE JUDGE